UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATELINE LENDER INC.,<br><br>Plaintiff,<br><br>v.<br><br>DRYCREEK MANAGEMENT LLC, and<br>SONOMA INVESTMENTS LLC,<br><br>Defendants. | Case No.:  3:26-cv-577-CAB-MSB<br><br>**ORDER DENYING MOTION FOR<br>APPOINTMENT OF RECEIVER**<br><br>**[Doc. No. 5]** |

On January 29, 2026, Plaintiff Stateline Lender Inc. ("Stateline") sued Defendants Drycreek Management LLC ("Drycreek") and Sonoma Investments LLC ("Sonoma") for fraud and breach of promissory note.  [Doc. No. 1 ("Complaint").]  Now before the Court is Stateline's motion to appoint a receiver for the property at 698 Braemar Terrace, Fallbrook, CA 92028 ("Property").  [Doc. No. 5.]  Stateline alleges that Defendants fraudulently transferred the Property to "an insider" for no consideration to hinder and delay Stateline "from collecting over $2 million in commercial debt obligations [Defendants] undisputedly owe" from alleged fraud related to a separate property, which gave rise to the Complaint.  [*Id.* at 3.]

Defendants have not appeared, answered, or otherwise responded to this lawsuit. Stateline states that it cannot "confirm whether service of the summons and complaint on

the Defendants has been completed in accordance with [Fed. R. Civ. P.] 4(h)" and later that "Defendants have yet to be personally served via Rule 4(h)[.]" [Doc. No. 5 at 17–18.] Yet Stateline argues that the Court has *in rem* jurisdiction over the Property pursuant to Fed. R. Civ. P. 4(n) and can thus appoint a receiver for the Property.  [*Id.*]  Rule 4(n)(2) allows a court to assert jurisdiction over a defendant's assets in the district if the moving party shows "that personal jurisdiction over [the] defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons[.]"

Rather than an *in rem* action, the Court finds Stateline's action is *quasi-in-rem*. Indeed, given that Stateline's underlying complaint asserts fraud against Defendants, "the action is not really against the property; rather, the action involves the assertion of a personal claim against the defendant of the type usually advanced in an *in personam* action[,]" but here Stateline also seeks "attachment or garnishment of some or all of the property the defendant may have in the jurisdiction." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 860 n.4 (9th Cir. 2005) (italics added) (quoting Wright & Miller, Federal Practice and Procedure; Civil 3d § 1070, at 286 (2002)).  "*Quasi-in-rem* actions require personal service of notice of the actions[,]" which Stateline concedes they have failed to do.  *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 n.3 (E.D. Cal. 2009)

Stateline cites *Office Depot, Inc. v. Zuccarini* in support, but the case offers none. 596 F.3d 696, 700–01 (9th Cir. 2010).  There, the plaintiff had already secured a judgment against the defendant and was seeking to collect on it by levying defendant's property.  *Id.* at 698–99.  The Ninth Circuit noted that for a district court to obtain *quasi-in-rem* jurisdiction over property, due process and proper notice must be satisfied.  *Id.* at 700. ("In an action to execute on a judgment, due process concerns are satisfied, *assuming proper notice*, by the previous rendering of a judgment by a court of competent jurisdiction." (emphasis added)); *see also AM Tr. v. UBS AG*, 681 F. App'x 587, 589 (9th Cir. 2017) ("Service of process and personal jurisdiction are two different things.").

3:26-cv-577-CAB-MSB

Here, Stateline has not shown any valid judgment which they seek to enforce, nor how due process is satisfied.  Moreover, pursuant to Fed. R. Civ. P. 4(n)(2), Stateline fails to make a showing that personal jurisdiction over Defendants *cannot* be obtained by reasonable efforts to serve the summons and complaint.  *See* Fed. R. Civ. P. 4(n)(2).  Accordingly, the Court **DENIES** the motion to appoint a receiver.

It is **SO ORDERED**.

Dated:  May 4, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge